## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MAXIMO GOMEZ,

     Plaintiff,

v.                                  Case No.  5:24-cv-63-TKW-MJF

DANIELLE MARIE KEY, *et al.*,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Maximo Gomez, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended complaint, Doc. 7, and a response to the undersigned's order requiring him to disclose settlement proceeds he received. Doc. 12. The undersigned recommends that the District Court dismiss this case without prejudice for Plaintiff's abuse of the judicial process in failing to disclose his complete litigation history as required on the complaint form and in failing to disclose his receipt of settlement proceeds as required on the IFP application form.

Page 1 of 24

## I.   BACKGROUND

Plaintiff filed this lawsuit on March 21, 2024. Docs. 1, 2. Plaintiff is suing three prison officials of the Apalachee Correctional Institution: Officer Danielle Key, Captain Christopher Helms, and Sergeant J. Hatcher. Doc. 7 at 1-3. in ECF.[1] Plaintiff claims the Defendants violated the First and Eighth Amendments when Key retaliated against Plaintiff for filing grievances by verbally threatening him; Hatcher used excessive force on him; and Helms failed to intervene in Hatcher's use of excessive force. As relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* at 8.

Plaintiff's complaint was accompanied by an application for leave to proceed *in forma pauperis*. Doc. 2. Based on Plaintiff's sworn allegations in his *in forma pauperis* application, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and did not assess him an initial partial filing fee. Doc. 5.

---

[1] The undersigned uses the page numbers assigned by the District Court's Electronic Case Filing system ("ECF").

## II. SCREENING UNDER THE PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

## A. <u>Screening for Disclosure of Litigation History</u>

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See*

28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147, at *1 (11th Cir. Oct. 16, 2023).

## B.   Screening for False or Misleading Financial Disclosures to Obtain *In Forma Pauperis* Status

"A party who files a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The *in forma pauperis* statute authorizes the "commencement, prosecution or defense

of any suit, action, or proceeding . . . without prepayment of fees or security therefor" upon submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The ability to proceed *in forma pauperis* is not an absolute right. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Rather, it is a privilege that is afforded to those litigants unable to pay costs without undue hardship. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948) ("The [*in forma pauperis* ] statute was intended for the benefit of those too poor to pay or give security for costs. . . ."). Thus, the litigant must show by affidavit that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

In determining whether a prisoner-plaintiff may proceed without prepayment of the filing fee, a district court "may look beyond a party's IFP application to determine his financial means." *Daker v. Head*, No.

19-13101, 2022 WL 2903410, at *1 (11th Cir. July 22, 2022) (citing *Martinez*, 364 F.3d at 1307 n.3); *see also Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (a district court may "inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes."). The court also has a statutory duty to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). The purpose of § 1915(e)(2)(A) is to prevent false statements of poverty and the manipulation of courts by litigants who transfer or disburse funds in order to avoid prepaying court filing fees. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Daker*, 2022 WL 2903410, at *2 ("The purpose of § 1915 is not to punish a litigant for insignificant discrepancies, but to weed out those who falsely understate their net worth to obtain IFP status to which they are not entitled." (citing *Camp*, 798 F.2d at 438 n.3)).

"Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)

(citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-68 (S.D. N.Y. 2004)). "[A]lthough a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status." *Vann*, 496 F. App'x at 115 (citing *Cuoco*, 328 F. Supp. 2d at 467-68); *see also Wilson v. Sargent*, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002) (per curiam) (noting that if a court determines that the plaintiff is unable to pay the filing fee at the time of collection "because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action.").

## III.   DISCUSSION

### A.   Plaintiff's False Statement on the Complaint Form Concerning His Litigation History

#### 1.   *Plaintiff's Responses to Questions on The Form*

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 7 at 8-12. The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9-10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.* at 9-10.

In response to the foregoing questions, Plaintiff responded "Yes" to Questions VIII(A) and VIII(C). Doc. 7 at 9-10. Plaintiff then disclosed: (1) nine federal civil rights cases, (2) a social security case, (3) a civil action unrelated to the conditions of his confinement, (4) three federal habeas corpus petitions, (5) two federal civil rights appeals, and (6) a state criminal appeal. *Id.* at 9-12, 19-20; *see also* Doc. 9.

At the end of the civil rights complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with

this form, including my litigation history, is true and correct." Doc. 7 at 12. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any appeal in federal court challenging his conviction.

### 2.   *Plaintiff's Omission*

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his original and amended complaints in this case, he had filed *at least* one prior case that required disclosure.[2] Specifically, on August 8, 2014, Plaintiff filed an appeal from the dismissal of a federal habeas petition that challenged his conviction. *See Gomez v. Att'y Gen., State of Florida, et al*., No. 14-13579 (11th Cir. Aug. 8, 2014). The Eleventh Circuit denied a certificate of appealability and closed the appeal on December 9, 2014. *See Gomez*, No. 14-13579 (11th Cir. Dec. 9, 2014). Plaintiff did not disclose this appeal in his original or amended complaint, Docs. 1, 7, or in his subsequent "Clarification of Litigation History." Doc. 9.

---

[2] By confining this discussion to one case, the undersigned does not imply that it is the *only* case Plaintiff failed to disclose.

The foregoing appeal falls squarely within the complaint form's disclosure requirements. It was an appeal in federal court challenging Plaintiff's conviction. Plaintiff's failure to disclose Case No. 14-13579 violates his duty of candor to this court. Plaintiff cannot genuinely argue that he lacked the ability to research and discern his prior cases and appeals, because the undersigned explicitly instructed Plaintiff to contact relevant clerks of court to obtain a listing of his cases. Plaintiff does not indicate that he contacted—or relied on information provided by—the Eleventh Circuit Clerk of Court. Doc. 7.

### 3. *The Materiality of Plaintiff's Omission*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable

authority to control their own dockets; this authority includes broad

discretion in deciding how best to manage the cases before them").

Here, Plaintiff falsely responded to a question on the complaint

form as detailed above. Plaintiff knew from reading the complaint form

that disclosure of all prior cases was required. The complaint form

expressly warns prisoners:

> **This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.**

Doc. 7 at 8. A penalty is warranted both to deter Plaintiff from such

conduct and to deter others from similar misrepresentations and

material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F.

Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant

to admit to the filing of prior related complaints in answer to questions

on the civil rights complaint form is conduct subject to sanctions by the

court.").

**B.**   **Plaintiff's False Statement on His *IFP* Application**

**1.**   ***Plaintiff's Response to the Question on the Financial Affidavit Form Requiring Disclosure of Monies Received in the Prior Twelve Months***

On March 21, 2024, Plaintiff signed a sworn financial affidavit supporting his *IFP* application. Doc. 2 at 1. One of the questions on the financial affidavit form required Plaintiff to "[l]ist monies received during the last twelve (12) months into your hands, into banks, savings and loan associations, prisoner accounts, other financial institutions, or other sources as indicated below." Doc. 2 at 4, Section VI(2)(c). The form then lists categories of monies that must be disclosed, ending with a catchall category of "Other sources." *Id.* at 4. Plaintiff disclosed that he received "$0" for each category, including "Other sources." *Id.*

Plaintiff signed his financial affidavit after the following certification: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." Doc. 2 at 1.

### 2. *Plaintiff's Recent Litigation Settlements*

During preliminary screening of Plaintiff's amended complaint, the undersigned reviewed Plaintiff's disclosures of prior litigation and, in an order dated May 7, 2024, took judicial notice that Plaintiff settled three lawsuits in the prior 18 months:

- *Gomez v. Jefferson*, No. 9:21-cv-82123 (S.D. Fla.), a counseled case that settled on October 31, 2022, and was dismissed on November 3, 2022. *See* No. 9:21-cv-82123, Docs. 104, 106, 109.

- *Gomez v. Crews*, No. 3:22-cv-387 (M.D. Fla.), a *pro se* case that settled on January 12, 2023, and was dismissed the same date. *See* No. 3:22-cv-387, Doc. 23.

- *Gomez v. Vernon*, No. 2:22-cv-14275 (S.D. Fla.), a counseled case that settled on June 6, 2023, and was dismissed on June 20, 2023. *See* No. 2:22-cv-14275, Docs. 39, 41.

Doc. 10. The undersigned also noted that Plaintiff's IFP affidavit dated March 21, 2024, disclaimed any assets or cash, and also disclaimed the receipt of any monies within the prior 12 months. Doc. 10. To confirm the truth of Plaintiff's allegation of poverty and to ensure a complete assessment of Plaintiff's financial circumstances, the undersigned ordered Plaintiff to disclose information about the three settlements discussed above. *See* Doc. 10.

### 3. *Plaintiff's Response to the Order*

In response to the undersigned's order of May 7, 2024, Plaintiff filed

a declaration disclosing the following:

●      In Case No. 9:21-cv-82123, Plaintiff, proceeding with counsel, received a cash settlement of $15,947.00 in 2022. Plaintiff's money was deposited into counsel's bank account in trust for Plaintiff. Plaintiff "gave this money to my niece Jaisme Gomez to pay off student loan for Barry Univers[i]ty Medical School by his Attorney in 2022." Doc. 12 ¶ 3.

●      In Case No. 3:22-cv-387, Plaintiff, proceeding *pro se*, received a cash settlement of $2,000.00 on December 20, 2022. The money was deposited into Plaintiff's inmate trust account and used to make canteen purchases and to pay court and FDC liens. Doc. 12 ¶ 1; *see also* Doc. 10, Attach. 1 at 5-10 (Pl.'s Inmate Account Statement).

●      In Case No. 2:22-cv-14275, Plaintiff, proceeding with counsel, received a cash settlement of $13,080 in June 2023. Plaintiff's money was deposited into counsel's bank account in trust for Plaintiff. Plaintiff "gave this settlement money to my son Lazaro Gomez as a gift to help him pay off his truck and coll[e]ge classes." Doc. 12 ¶ 2.

Doc. 12. Plaintiff concluded his declaration by stating:

Plaintiff has a life sent[e]nce been in prison 20 years and felt joy and pride to finally help his family after so many years of suffering[.] I have no more money and will never lie to the courts[.] I will give my family anything I have. Plaintiff been honest to the courts and have showed [sic] good faith.

Page 15 of 24

Doc. 12.[3] Plaintiff's disclosure that he received a $13,080 settlement in June 2023, flatly contradicts his financial affidavit executed on March 21, 2024, that disclaimed the receipt of any money in the preceding twelve months. Doc. 2 at 4.

### 4.  *The Materiality of Plaintiff's Omission*

Plaintiff's recent receipt of thousands of dollars in settlement proceeds is relevant because it provides a more complete picture of his financial situation. *See Kinloch v. Chatham Cnty. Detention Centers' Chief Admin.*, No. 22-10835-J, 2022 WL 19039621, at *2 (11th Cir. Nov. 4, 2022) (a district court has discretion to "look at the entire circumstances of [a prisoner's] financial situation"). Although Plaintiff's inmate account balance was zero when he filed this lawsuit—and had been zero for the preceding 6 months—he was not indigent. He had received $13,080 just 9 months prior, and divested himself of that money

---

[3] The court takes judicial notice that Plaintiff is serving a life sentence for burglary of an occupied dwelling with an assault or battery, pursuant to a judgment entered in Palm Beach County Circuit Court Case No. 2002-CF-11407. *See* www.mypalmbeachclerk.com.

by making a cash gift to a non-dependent (his adult son). *See* Doc. 2 at 2 (Plaintiff's admission that he has no dependents).

As Plaintiff appears to acknowledge, he did not need the $13,080 to pay for his own necessities because they are provided by the Florida Department of Corrections at taxpayers' expense. The $13,080 in cash was available wholly for discretionary spending. But just as the money was available for discretionary spending and gifts, it also was available for saving to cover Plaintiff's expenses such as litigation, which is a recurring expense for Plaintiff. Plaintiff has been an active litigator in the federal courts, having filed ten cases in the past three years (including this one). *See* Doc. 9 (Pl.'s PACER printout disclosing seven civil rights actions not including this one); Doc. 7 at 19 (Pl's disclosure of two civil rights appeals).

As an active litigator, Plaintiff was familiar with the provisions of the *in forma pauperis* statute at the time he received the $13,080 settlement in June 2023. He knew what would happen if he deposited the proceeds—or any part thereof—into his inmate trust account. Plaintiff had learned from his prior settlements that if the money was deposited

into his inmate trust account, it would be reflected on his inmate account statement and used to pay off liens he had incurred. Conversely, Plaintiff knew that if the proceeds were *not* deposited into his inmate trust account, his receipt of the money would not be reflected on his inmate account statement and would not be readily apparent to a court assessing an IFP application *unless he disclosed the proceeds in his financial affidavit*. Plus, the proceeds would not depleted by lien payments to the FDC and the federal courts.

Contrary to Plaintiff's statements that he "will never lie to the courts" and that he has "been honest to the courts and have showed [sic] good faith," Doc. 12 at 2, Plaintiff's actions and statements—including his false statement under penalty of perjury that he did not receive any money in the prior twelve months—reflect bad faith and an intent to deceive the court to obtain IFP status.

The undersigned gave Plaintiff an opportunity to explain why he was indigent despite having received in the past 18 months two counseled settlements and a *pro se* settlement. Doc. 10. It was only then that Plaintiff acknowledged receiving the two counseled settlements into

outside trust accounts and then disbursing the monies to non-dependents. Doc. 12. Plaintiff provided no justification for omitting from his financial affidavit the $13,080 he received in the prior twelve months.

Plaintiff's false statement bore directly on the undersigned's assessment of Plaintiff's financial circumstances for purposes of determining whether he qualified for leave to proceed *in forma pauperis*. Although the District Court *might* have granted Plaintiff's *in forma pauperis* application even if Plaintiff had disclosed his receipt of $13,080 in June 2023, hiding the money "is not a permissible alternative to seeking the judge's assistance." *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). "An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not dispositive. A litigant can't say, 'I know how the judge should rule, so I'm entitled to conceal material information from him.'" *Id.* at 443.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material

omissions.[4] *See Cuoco*, 328 F. Supp. 2d at 468-69 (dismissing with prejudice prisoner-plaintiff's complaint where plaintiff received two settlements totaling $13,500—which the plaintiff directed to be sent to her mother and not to her prison account—but did not report those settlements on her *in forma pauperis* application despite having extensive litigation experience).

## IV.   AN APPROPRIATE SANCTION IS DISMISSAL WITHOUT PREJUDICE

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process

---

[4] This is not the only case in which Plaintiff omitted his counseled settlement proceeds from his *IFP* application to obtain *IFP* status. Plaintiff made this omission—and avoided having to prepay any part of his court filing fees—in at least three cases he filed shortly after receiving the settlements. *See Gomez v. Campbell*, No. 5:23-cv-66-MCR-MJF (N.D. Fla. Mar. 13, 2023); *Gomez v. Veal*, No. 3:23-cv-1137-WWB-LLL (M.D. Fla. Sept. 27, 2023); *Gomez v. Key*, No. 5:24-cv-42-MW-MJF (N.D. Fla. Feb. 15, 2024). In each case, as in this one, Plaintiff stated under penalty of perjury that during the past 12 months he had not received any money. *See* Case No. 5:23-cv-66, Doc. 2; Case No. 3:23-cv-1137, Doc. 3; Case No. 5:24-cv-42, Doc. 2. And in each case, including this one, the court granted Plaintiff leave to proceed *in forma pauperis* based on his sworn financial affidavit and inmate trust account statement reflecting a zero balance. In the other three cases, Plaintiff's sworn financial disclosures were accepted at face value.

warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. Additionally, a litigant acts in bad faith when he attempts to perpetrate a fraud upon the court or when he manipulates or spends funds to ensure that he cannot pay the filing fee. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). After all, if "every inmate were permitted to simply spend funds in the canteen [or elsewhere] to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006).

The court should not allow Plaintiff's false responses to go unpunished. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purposes of the court's complaint and *IFP* forms.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements and responses is to dismiss this case without prejudice. *See, e.g., Kinloch*, at *2 (dismissing case as sanction for prisoner's failure to disclose in financial affidavit past monies received and immediately spent; rejecting prisoner's argument

that he was not required to save past cash gifts to pay future court filing fees); *Cuoco, supra*; *Smith-Garcia v. Harrison County*, 776 F. App's 226, 227 (5th Cir. 2019) (dismissing case as sanction for prisoner's failure to disclose in financial affidavit money received from prior lawsuit; receipt of money occurred within 12-month timeframe covered by IFP affidavit); *Sears*, 509 F. App'x at 936 ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (dismissing *pro se* case for abuse of the judicial process after plaintiff failed to disclose a prior action; noting that the action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition).

This sanction will deter future deception while not barring Plaintiff from re-filing his claims in a new civil action.[5]

---

[5] The conduct underlying Plaintiff's claims occurred in January 2024. *See* Doc. 7. Thus, the statute of limitations will not bar him from re-filing.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.     This case be **DISMISSED** without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process by failing to disclose his litigation history completely and honestly and by making a false statement in his *in forma pauperis* application.

2.     The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>3rd</u> day of June, 2024.

<u>/s/ Michael J. Frank</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** ***See*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may**</u>

<u>appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.