UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAXIMO GOMEZ,
    Plaintiff,

vs.                                        Case No.: 5:24cv63-TKW/MJF

DANIELLE MARIE KEY, et al.,
    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 13) and Plaintiff's objection (Doc. 14). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's recommended disposition of this case.

The R&R recommended that this case be dismissed without prejudice as an abuse of the judicial process for two independent reasons: (1) Plaintiff's false statements on his application to proceed in forma pauperis, *see Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019); *Briand v. State of Fla.*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); and (2) Plaintiff's failure to completely disclose his litigation history on the civil rights complaint form, *see* 28 U.S.C. §1915A(b)(1); *Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021). The Court agrees that dismissal is warranted for both reasons.

The Court did not overlook Plaintiff's argument that he disclosed all the cases that he could remember and that he should be given a chance to amend. The Court rejects that argument because Plaintiff has an obligation to keep at least the case numbers for his prior cases, and if he does not have that information, he should get it from the appropriate clerk's office <u>before he files suit</u>. *See Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021). It is not good enough for a plaintiff to disclose only the cases he can remember and then claim (as Plaintiff did in the complaint, *see* Doc. 1 at 11-14) that he "has nothing to hide" and that he "would write [other cases] down and provide them to the court" if he had been able to remember them. *See Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) ("[I]t would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison."). Moreover, allowing Plaintiff to file an amended complaint to now disclose additional cases that he should have disclosed previously "would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020). Finally, even if the Court overlooked Plaintiff's failure to accurately disclosed his litigation history, dismissal

would still be appropriate based on Plaintiff's false statements on his application to proceed in forma pauperis.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** as an abuse of the judicial process.

3. The Clerk shall enter judgment in accordance with this Order and close the case.

**DONE and ORDERED** this 14th day of June, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**